Moving Party:   STANDARD NUTRITION COMPANY and
AC BLUEBONNET, LP

STANDARD NUTRITION COMPANY and AC BLUEBONNET, LP v. WILLIAM L. SMITH
Case No. 8:22-cv-00046-JFB-MDN

To assist the Court in more efficiently addressing the parties' discovery dispute(s), the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is to succinctly state each party's position and the last compromise offered when the parties met and conferred. The fully completed chart shall be e-mailed to chambers of the assigned magistrate judge.

The moving party is:        STANDARD NUTRITION COMPANY and
AC BLUEBONNET, LP ("Plaintiffs")

The responding party is:    WILLIAM L. SMITH ("Smith")

**Note:**  If discovery from both parties is at issue, provide a separate sheet for each moving party.

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| Plaintiffs' Request for Production No. 5:<br><br>"Please produce all documents, correspondence, and ESI that you sent to or received from Suther, or any of Suther's employees, representatives, or agents from April 2020 to present, that relate to individuals or companies that purchased nutritional | Plaintiffs contend that Request for Production No. 5 is relevant to its claims that Smith misappropriated Plaintiffs' trade secrets, tortiously interfered with business relationships with customers, and that Smith breached his duty of loyalty to Plaintiffs by transmitting confidential, trade | In August 2022, Plaintiffs' counsel issued a letter to Smith's counsel requesting supplementation of his response to Request for Production No. 5 because, in part, the Amended Complaint alleges claims for misappropriating (by delivering to Suther) the exact information described in Request for Production No. 5. | Plaintiffs' Request for Production No. 5 is overly broad and not relevant to the subject matter of this action nor proportional to the needs of the case. The Request is not limited to an appropriate timeframe as it requests information beyond Defendant's separation from employment and he has no post- | After a meet and confer discussion, Plaintiffs' counsel limited the scope of Request No. 5 so that it read as follows:<br><br>"Please produce all documents, correspondence, and ESI that you sent to or received from Suther, or any of Suther's employees, representatives, or agents from April | Plaintiffs' revised Request for Production No. 5 is still overly broad and not relevant to the subject matter of this action nor proportional to the needs of the case. Plaintiffs failed to limit the revised Request to an appropriate timeframe as it still requests information beyond Defendant's separation from | <span style="color:red">Defendant shall produce documents responsive to the Plaintiffs' Last Offered Compromise, and limited to Plaintiffs' specifically identifiable trade secrets, for the time frame of April 2020 though May 31, 2022.</span> |

4878-5592-4056.2

| | | | | | | |
|---|---|---|---|---|---|---|
| supplements from Bluebonnet." | secret information to Suther Feeds, Inc. ("Suther"), a competitor of Plaintiffs and Smith's current employer, while employed with Plaintiffs. | Such communications are relevant to the claims asserted against Smith; for example, the product formulations that he provided to Suther prior to his resignation from Plaintiffs are trade secrets that Smith had access to in his role as a nutritional consultant, and that he improperly communicated and/or used such information to tortiously interfere with Plaintiffs' relationships with customers. Smith's communications with Suther about such matters are relevant and discoverable. | employment restrictive covenants. Additionally, the Request is not limited to an appropriate subject matter that would have relevancy to Plaintiffs' claims in this matter as it broadly requests all information "that relate to individuals or companies that purchased nutritional supplements from Bluebonnet".  It contains no limitations to such information, failing to even be limited to those customers serviced by Defendant. | 2020 to present, that relate to the operations of 1256 Cattle Company, Ben Linn, Box Elder Ranch, Krause Cattle Co., Triple H, Inc., Witt Enterprises Inc., Y6 Feeders, or Zochol Feedlot LLC, and specifically such operations' personnel, logistic and product delivery information, geography information, pest concerns, type of livestock, or Bluebonnet's product inputs, formulas, or prices provided to such operations."<br><br>Smith's communications with Suther about such matters are relevant and discoverable. | employment and he has no post-employment restrictive covenants. Additionally, the Request is not limited to an appropriate subject matter that would have relevancy to Plaintiffs' claims in this lawsuit as Defendant has no post-employment restrictions and is not prohibited from competing with Plaintiffs after his employment.<br><br>Moreover, in response to Plaintiffs' Request for Production No. 3, Defendant produced documents for the relevant time period <u>during</u> Defendant's employment with Plaintiffs that would be responsive to the Request at issue if it were properly limited to a relevant timeframe. | |

2

Moving Party:    STANDARD NUTRITION COMPANY and
                 AC BLUEBONNET, LP

Counsel for Plaintiffs:        /s/ Keith W. Catt

Counsel for Defendant:        /s/ Ruth Horvatich

Date:  March 28, 2023.


DATED: March 30, 2023.


BY THE COURT:

United States Magistrate Judge

3

KOLEYJESSEN.COM

KOLEY JESSEN P.C., L.L.O.
ATTORNEYS AT LAW

ONE PACIFIC PLACE, SUITE 800
1125 SOUTH 103RD STREET
OMAHA, NE 68124

PHONE. 402.390.9500
FAX. 402.390.9005

**KOLEY ■ JESSEN**

March 28, 2023

**VIA EMAIL**
Magistrate Judge Michael D. Nelson nelson@ned.uscourts.gov
Stephanie M. Nevins, Law Clerk stephanie_nevins@ned.uscourts.gov

Re:   *Standard Nutrition Co. and AC Bluebonnet, LP v. William L. Smith*; Case No. 8:22-cv-00046
      Our File No. 25346-0000

Your Honor:

This letter sets forth Plaintiffs Standard Nutrition Company and AC Bluebonnet, LP's (collectively, "Plaintiffs") position regarding the dispute presented by Request for Production No. 5 served on Defendant William L. Smith ("Defendant"). Defendant has failed to adequately respond to Bluebonnet's Request for Production ("RFP") No. 5, and despite counsel's diligent efforts, no resolution to this issue has been had.

## Plaintiffs' RFP No. 5

Plaintiffs have alleged claims against Defendant in this case for tortious interference with Plaintiffs' business relationships, breach of duty of loyalty, misappropriation of Plaintiffs' trade secrets, and violation of the Defend Trade Secrets Act of 2016, respectively. *See* Amended Complaint, ECF No. 12. Plaintiffs have alleged that Defendant worked to transfer Plaintiffs' customers and communicated Plaintiffs' trade secrets to Defendant's new employer, Suther Feeds, Inc. ("Suther"), both prior to and after resigning from employment with Plaintiffs. Therefore, Plaintiffs consider the communications Defendant had with Suther related to Plaintiffs' business clearly relevant to Plaintiffs' claims.

RFP No. 5 requested that Defendant "[p]lease produce all documents, correspondence, and ESI that you sent to or received from Suther, or any of Suther's employees, representatives, or agents from April 2020 to present, that relate to individuals or companies that purchased nutritional supplements from Bluebonnet." *See* **Exhibit 1**, p. 3. On August 5, 2022, Defendant served an objection to RFP No. 5 and asserted that RFP No. 5 was vague, ambiguous, overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case.

On August 26, 2022, counsel issued a deficiency letter outlining the relevance of the records sought pursuant to RFP No. 5 and requested that Defendant supplement his response and withdraw his objections to RFP No. 5. Defendant did not comply with the requests, and instead alleged an additional objection, namely that Plaintiffs' should look to Defendant's new employer, Suther, for the documents requested.

Plaintiffs responded to this supplemental response by, again, requesting in writing that Defendant supplement his answer and withdraw his objections to RFP No. 5. Specifically, Defendant's additional objections were unsupportable because he also possessed and controlled his email communications, made from his personal email account, and speculation that Suther may possess the same does not absolve Defendant of his discovery obligations. *See Devon Robotics v. DeViedma*, No. 09-CV-3552, 2010 WL 3985877, at *2 (E.D. Pa. Oct. 8, 2010) ("There are thus two circumstances under which a defendant can be required to turn over documents owned by a third party: when the defendant has actual (physical) possession

PATRICE D. OTT
*DIRECT.* 402.343.3794
PATRICE.OTT@KOLEYJESSEN.COM

March 28, 2023
Page 2

of the documents, and when the defendant has "control" over documents in the physical possession of another.")

The parties continued to work through and resolve other discovery disputes, but RFP No. 5 remains in contention. In an effort to compromise, and in response to concerns raised during a meet-and-confer call, Plaintiffs agreed to narrow the scope of RFP No. 5 to name specific customers and the specific information that, if contained in Defendant's communications to Suther, would make such communications responsive to RFP No. 5. Consequently, on February 21, 2023, Plaintiffs' proposed a narrowed version of RFP No. 5 requesting that Defendant "Please produce all documents, correspondence, and ESI that you sent to or received from Suther, or any of Suther's employees, representatives, or agents from April 2020 to present, that relate to the operations of 1256 Cattle Company, Ben Linn, Box Elder Ranch, Krause Cattle Co., Triple H., Inc. Witt Enterprises Inc., Y6 Feeders, or Zochol Feedlot LL, and specifically such operations' personnel, logistic and product delivery information, geography information, pest concerns, type of livestock, or Bluebonnet's product inputs, formulas, or prices provided to such operations." Despite Plaintiffs' effort to compromise, Defendant has maintained his objections to RFP No. 5, including the narrowed, compromised version.

It is difficult to conceive of documents more relevant to Plaintiffs' claims than communications between Defendant and Suther regarding Plaintiffs' customers and the information Plaintiffs assert is protected as trade secrets. Defendant's objections to RFP No. 5 are unsupportable and Defendant has an obligation to produce, at least, those documents responsive to the narrowed version of RFP No. 5. *See Nat. Dynamics, LLC v. Calm Nat. Ltd.,* No. A-14-CV-1060-LY-ML, 2016 WL 11584909, at *3 (W.D. Tex. Oct. 14, 2016), report and recommendation adopted, No. A-14-CV-01060-LY, 2016 WL 11585184 (W.D. Tex. Nov. 1, 2016) (Granting plaintiff's motion to compel communications between the defendant and a third party that received and communicated the plaintiff's proprietary information to the defendant.)

We look forward to discussing these matters so that we can quickly resolve these disputes and advance this lawsuit. Should the Court have additional questions or wish to see additional documents, please let us know.

Respectfully,

*Patrice D. Ott*

Patrice D. Ott

cc:   Margaret C. Hershiser
      Keith W. Catt

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

STANDARD NUTRITION COMPANY, a
Nebraska corporation, and AC
BLUEBONNET, LP, a Texas limited
partnership,

        Plaintiffs,

        vs.

WILLIAM L. SMITH, an individual,

        Defendant.

Case No. 8:22-cv-0046-JFB-MDN

**PLAINTIFFS' FIRST SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS TO**
**DEFENDANT WILLIAM L. SMITH**

Pursuant to the Federal Rules of Civil Procedure, you are hereby requested to produce for inspection and copying within thirty (30) days after service of these Requests, at the offices of Koley Jessen P.C., L.L.O., One Pacific Place, Suite 800, 1125 South 103 Street, Omaha, Nebraska 68124, and all original documents requested herein to be produced or legible copies of the same.

You must serve a written response within thirty (30) days after the service of these Requests, and you must state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the Request is objected to, in which event the reasons for objection shall be stated.  If objection is made to part of an item or category, the part shall be specified.

You must produce electronically stored information ("ESI") in the following form: in Native File format. Native files will be produced in a load file format with extracted text and links to corresponding native files. A party at its option may additionally produce TIFF images. ESI shall be produced with document-level searchable extracted text in the form of .txt files associated by links contained within the load file. For ESI that is redacted for attorney-client privilege or attorney work product, a new text file created using OCR shall be produced in lieu of extracted

**EXHIBIT 1**

text, and the associated load file shall contain a link to the TIFF image file containing the redactions, rather than the native file. For emails with attachments and other container files such as .ZIP files, the metadata load file will contain "begin-attachment" and "end-attachment" values representing the low and the high consecutive numbers representing the names of the files in that attachment range or container file. For container or archive files (bak, zip, jar, rar, gzip, tar, etc.), all contents should be extracted from the archive with source pathing and attachment-range relationships maintained and captured.  The archive container file does not need to be included in the production.  Documents containing privileged materials may be produced in TIFF format with redactions. If either an email or an attachment is fully withheld on account of privilege, to avoid the loss of context due to an "orphaned" email or attachment" the entire message-attachment shall still be produced with the withheld document slip-sheeted with a TIFF image. The minimum content of the load file is attached hereto as Schedule A Production Fields. The parties may meet and confer, if necessary, to agree on more detail for load file specifications and ESI protocols.  In this regard, Plaintiffs are willing to negotiate ESI protocols to ensure effective and efficient discovery.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1.**  Please produce all tangible reports, physical models, compilations of data, inspections, texts, or other material prepared by and/or for any individual retained and/or expected to provide expert testimony at the trial of this lawsuit.

**RESPONSE:**

**EXHIBIT 1**

**REQUEST NO. 2.**  Please produce all documents, correspondence, and ESI that you have sent to or received from AC Bluebonnet, LP ("Bluebonnet") pertaining to the allegations in Plaintiffs' Amended Complaint.

**RESPONSE:**

**REQUEST NO. 3.**  Please produce all documents, correspondence, and ESI that you sent to or received from Suther Feeds, Inc. ("Suther"), or any of Suther's employees, representatives, or agents between April 2020 and your first day as an employee of Suther.

**RESPONSE:**

**REQUEST NO. 4.**   Please produce all documents, correspondence, and ESI that you sent to or received from Suther, or any of Suther's employees, representatives, or agents between 2020 and your first day as an employee of Suther that relate to Plaintiffs, including its employees, products, systems, pricing, vendors, logistics, customers, or any other business information concerning Plaintiffs.

**RESPONSE:**

**REQUEST NO. 5.**   Please produce all documents, correspondence, and ESI that you sent to or received from Suther, or any of Suther's employees, representatives, or agents from April 2020 to present, that relate to individuals or companies that purchased nutritional supplements from Bluebonnet.

**RESPONSE:**

**EXHIBIT 1**

**REQUEST NO. 6.**   Please produce all documents, correspondence, and ESI that you sent to or received from Suther, or any of Suther's employees, representatives, or agents from April 2020 to present that relate to Plaintiffs, including its employees, products, systems, pricing, vendors, logistics, customers, or any other business information concerning Plaintiffs.

**RESPONSE:**

**REQUEST NO. 7.**   Please produce all documents, correspondence, and ESI reflecting any employment agreement entered into between you and Suther.

**RESPONSE:**

**REQUEST NO. 8.**   Please produce all purchase orders, invoices, bills of lading, billing statements, or other similar document you sent to or received from Suther reflecting any sale of Suther products to individuals or companies that purchased nutritional supplements from Bluebonnet.

**RESPONSE:**

**REQUEST NO. 9.**   Please produce all purchase orders, invoices, bills of lading, billing statements, or other similar document you sent to or received from any third party reflecting any sale of Suther products to individuals or companies that purchased nutritional supplements from Bluebonnet.

**RESPONSE:**

**REQUEST NO. 10.**   Please produce all documents, correspondence, and ESI that you sent to or received from any employee, or former employee, of Bluebonnet since your first day of employment with Suther related to any Bluebonnet product, pricing, nutritional information, marketing, or other business information of Bluebonnet.

**RESPONSE:**

**EXHIBIT 1**

**REQUEST NO. 11.** Please produce all documents, correspondence, and ESI that you sent to or received from any employee, or former employee, of Bluebonnet since your first day of employment with Suther related to any Bluebonnet customer.

**RESPONSE:**

**REQUEST NO. 12.** Please produce all documents, correspondence, and ESI that you have sent to or received from customers on behalf of Suther since November 1, 2021, to present.

**RESPONSE:**

**REQUEST NO. 13.** Please produce all documents, correspondence, and ESI reflecting your job title, description, or duties with Suther.

**RESPONSE:**

**REQUEST NO. 14.** Please produce all documents, correspondence, and ESI that you relied upon in asserting that you had pre-existing business relationships with the beef cattle producers Plaintiffs' solicit and sell products to prior to your employment with Plaintiffs, as alleged in paragraph 17 of your Answer to Plaintiffs' Amended Complaint.

**RESPONSE:**

**REQUEST NO. 15.** Please produce all documents, correspondence, and ESI that you relied upon in denying the allegations in paragraph 25 of the Amended Complaint.

**RESPONSE:**

**REQUEST NO. 16.** Please produce all documents, correspondence, and ESI that you relied upon in denying the allegations that "Smith had considerable and regular contact with Plaintiffs' customers and gained intimate knowledge of their product formulation needs, pricing, and other customer-specific information. In carrying out his duties for Plaintiffs, Smith utilized Plaintiffs' product formulations, pricing, marketing strategies, and distribution

**EXHIBIT 1**

-5-

information…Smith was charged with working with beef producer customers to create and produce the necessary livestock-specific product formulations. Smith developed and maintained relationships with Plaintiffs' customers and potential customers," as set forth in paragraph 26 of the Amended Complaint.

**RESPONSE:**

**REQUEST NO. 17.** Please produce all documents, correspondence, and ESI that you relied upon in denying the allegations set forth in paragraph 37 of the Amended Complaint.

**RESPONSE:**

**REQUEST NO. 18.** Please produce all documents, correspondence, and ESI in your possession that reflects Plaintiffs' product formulations, pricing, marketing strategies, and distribution information.

**REQUEST NO. 19.** Please produce all documents, correspondence, and ESI that you have sent to or received from Mr. Brian Reed related to the allegations contained in Plaintiffs' Amended Complaint since January 2021.

**RESPONSE:**

**REQUEST NO. 20.** Please produce all documents, correspondence, and ESI that you have sent to or received from Mr. Patrick Egan related to the allegations contained in Plaintiffs' Amended Complaint since January 2021.

**RESPONSE:**

**EXHIBIT 1**

Dated: May 31, 2022.

STANDARD NUTRITION COMPANY and AC
BLUEBONNET, LP, Plaintiffs,

By: s/ *Patrice D. Ott*

Margaret C. Hershiser, #19545
Patrice D. Ott, #24435
Keith W. Catt, #27306
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE  68124-1079
(402) 390-9500
(402) 390-9005 (facsimile)
Margaret.Hershiser@koleyjessen.com
Patrice.ott@koleyjessen.com
Keith.Catt@koleyjessen.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I served the foregoing via email to the following
counsel of record:

Aaron A. Clark, #20045
Cody E. Brookhouser-Sisney, #25872
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
aclark@mcgrathnorth.com
cbrookhouser@mcgrathnorth.com
*Attorneys for Defendant.*

s/ *Patrice D. Ott*
Patrice D. Ott

**EXHIBIT 1**

-7-

## SCHEDULE A

### Production Fields

For the types of documents described above, the following are the production fields for email ESI files, non-email ESI files and paper documents, as applicable.

| Field Name | Description (E-Mail) | Description (Non-E-mail) |
|---|---|---|
| Author | The person(s) who created, wrote, reviewed, signed, or approved the document. The Author should be extracted from the metadata of the e-doc. It will NOT be manually coded for paper documents. | N/A |
| BCC | All information contained in the "BCC" field of the e-mail, as well as all other discernable blind copies. | N/A |
| BegAttch | Number endorsed on first page of first document in a family (*i.e.*, documents and all attachments thereto). | Number endorsed on first page of first document in a family (*i.e.*, documents and all attachments thereto). |
| CC | All information contained in the "CC" field of the e-mail, as well as all other discernable copies. | N/A |
| Confidentiality | The confidential designation endorsed on the document. If no designation is present, a default value of "None" will be coded. | The confidential designation endorsed on the document. If no designation is present, a default value of "None" will be coded. |
| Custodians | The individual (or if no individual the computer source) in whose possession the ESI was collected. | The individual (or if no individual the computer source) in whose possession the ESI was collected. |

**EXHIBIT 1**

-8-

| Field Name | Description (E-Mail) | Description (Non-E-mail) |
|---|---|---|
| ModDateTime Date | N/A | Date the document was last modified. (MM/DD/YYYY). |
| EmailSent | Date the E-mail was sent, expressed in MM/DD/YYYY format. | N/A |
| Subject/Title | | If available, verbatim subject or re: line, or discernable document title appearing on a document, or, as extracted from the metadata of a native file if present. |
| DocumentType | Describes the type of document (*e.g.*, Lotus Notes E-mail). | Describes the type of document (*e.g.*, Microsoft Word Document). |
| EmailSubject | Verbatim subject or re: line, as extracted from the e-mail. | |
| EndAttch | Number endorsed on last page of last document in a family (*i.e.*, documents and all attachments thereto). | Number endorsed on last page of last document in a family (*i.e.*, documents and all attachments thereto). |
| FileExtension | Displays the extension of the file (msg, eml). | Displays the extension of the file (doc, xlsx). |
| FileName | Original file name, including file extension (Example.MSG). | Original file name, including file extension (Example.XLS, or Example.DOC). |
| EmailAuthor | All information contained in the "From" field of the e-mail. | N/A |
| MD5Hash | The MD5 or SHA Hash signature as calculated by the litigation support processing software. | The MD5 or SHA Hash signature as calculated by the litigation support processing software. |
| Native File | If files produced in native path to file (e.g. NATIVE\samplefile.xls), and an active hyperlink should be included in the | If files produced in native path to file (e.g. Attachments\samplefile.xls)), and an active hyperlink should be included in the data |

**EXHIBIT 1**

| Field Name | Description (E-Mail) | Description (Non-E-mail) |
|---|---|---|
| | data load files for use in document review databases. | load files for use in document review databases. |
| PGCount | Total number of pages in document. | Total number of pages in document. |
| ProdBeg | Bates Range Start | Bates Range Start |
| ProdEnd | Bates Range End | Bates Range End |
| HasRedaction | A logical value indicating that the document contains redactions | A logical value indicating that the document contains redactions |
| IntFilepath | Original location of where the ESI was stored in the normal course of business | |
| Recipients | All information contained in the "To" field of the e-mail. | N/A |
| Text File | | |

**EXHIBIT 1**

-10-



Ruth Horvatich
P: 402.633.1521 | F: 402.952.1521
RHorvatich@mcgrathnorth.com

March 28, 2023

VIA E-MAIL – nelson@ned.uscourts.gov

Honorable Michael D. Nelson
United States Magistrate Judge
United States District Court for the District of Nebraska

     **Re:**    **Standard Nutrition Company et al. v. William Smith**
             **Case No. 8:22-cv-00046-JFB-MDN**

Dear Judge Nelson:

     This letter will serve as Defendant, William Smith's position on the discovery dispute to be heard via telephone conference set for March 30, 2023, at 11:00 AM. As background, Plaintiffs, Standard Nutrition Company ("Standard Nutrition") and AC Bluebonnet LP ("AC Bluebonnet") (collectively the "Plaintiffs") have brought this action against Defendant William Smith ("Defendant" or "Smith") alleging claims for tortious interference with business and contractual relations, breach of duty of loyalty, and misappropriation of trade secrets under state and federal law. Plaintiffs specifically allege that Smith breached his duty of loyalty during his employment with Plaintiffs based on the fact that he went to work for a competitor, Suther Feeds, Inc. ("Suther"), after he resigned from his employment, which forms the basis of their tortious interference claim and misappropriation of trade secrets claim. As explained below, Plaintiff's discovery request at issue, Request for Production No. 5, is overly broad and not relevant to the subject matter of this action.

     The discovery request at issue before the Court is Plaintiffs' Request for Production No. 5, which requests the following:

> **REQUEST NO. 5:** Please produce all documents, correspondence, and ESI that you sent to or received from Suther, or any of Suther's employees, representatives, or agents from April 2020 to present, that relate to individuals or companies that purchases nutritional supplements from Bluebonnet.

Smith objected to this request on several bases, including that the request is overly broad and is not relevant to the subject matter of this action nor proportional to the needs of the case. The parties met and conferred with respect to this request and Smith's objections. As a result of the meet and confer, Plaintiffs revised their Request No. 5 to the following:

> **REQUEST NO. 5:** Please produce all documents, correspondence, and ESI that you sent to or received from Suther, or any of Suther's employees, representatives, or agents from April 2020 to present, that relate to the operations of 1256 Cattle Company, Ben Linn, Box Elder Ranch, Krause Cattle Co., Triple H, Inc., Witt Enterprises Inc., Y6 Feeders, or Zochol Feedlot LLC, and specifically such operations' personnel, logistic and product delivery information, geography information, pest concerns, type of livestock, or Bluebonnet's product inputs, formulas, or prices provided to such operations.

Honorable Michael D. Nelson
March 28, 2023
Page 2

Even with the revised limitations to this Request, however, Plaintiffs' request is still overly broad and not relevant to the subject matter of this action nor proportional to the needs of the case.

The central issue with Plaintiffs' Request No. 5 is that it is not limited to a relevant timeframe. Specifically, it requests documents *after* Smith separated from employment with Plaintiffs. It is undisputed in this matter that Smith does not have any post-employment restrictive covenants.[1] It is well-established under Nebraska law that an employee without a restrictive covenant may properly compete with their former employer after termination of the employment relationship. *West Plains, L.L.C. v. Retzlaff Grain Co. Inc.*, 927 F. Supp. 2d 776, 785 (D. Neb. 2013) ("After the termination of his agency, in the absence of a restrictive agreement, the agent can properly compete with his principal as to matters for which he as been employed.") (quoting *Prof'l Bus. Services Co. v. Rosno*, 680 N.W.2d 176, 189 (Neb. 2004)). Accordingly, Smith was free to compete and service his customers with his new employer, Suther, and discovery of general communications after his employment is inappropriate and not relevant to the matter. As the relevancy of Plaintiffs' claims is limited to actions during his employment, requesting such documentation after his employment is not relevant to Plaintiffs' claims.

Moreover, the Request is overly broad as it requests documentation far beyond documentation relevant to Plaintiffs' claims of tortious interference and misappropriation of trade secrets. It is not narrowly tailored to requesting documentation allegedly including Plaintiffs' alleged trade secrets and does not request documentation narrowly tailored to Plaintiffs' tortious interference claim. Rather, the Request is overly broad in that it is requesting general business communications regarding ordinary competition that are not relevant to the claims in the lawsuit or the issues at hand and not proportional to the needs of the case. Indeed, when analyzing a claim for tortious interference with a business relationship, Nebraska courts have recognized the privilege of a competitor as provided under the Restatement of Torts. *Dick v. Koski Professional Group, P.C.*, 950 N.W.2d 321, 378 (Neb. 2020). The Nebraska Supreme Court has stated that valid competition, "including inducement of third persons to do their business with oneself rather than a particular competitor," cannot serve as the basis for a tortious interference claim because such conduct is justified. *Id.* As Plaintiffs' request is not narrowly tailored to request documents beyond valid competition in this matter, it is overly broad and not relevant to the subject matter of this action.

Furthermore, in response to a different request from Plaintiffs, Request for Production No. 3, Smith has already produced the requested documents during the relevant timeframe of April 2020 to the last day of his employment with Plaintiffs, consistent with appropriate discovery relating to Plaintiffs' claims in this action. Accordingly, Smith submits that Plaintiffs' Request for Production No. 5, even as revised, is overly broad and not relevant to the subject matter of this action.

Respectfully submitted,

Ruth A. Horvatich

Cc:    Aaron Clark

---

[1] Plaintiffs do not allege breach of any contract in their action and have been unable to produce any restrictive covenant agreement to which Smith is a party. Additionally, Smith denies ever agreeing to any such agreement.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STANDARD NUTRITION COMPANY, | ) | CASE NO. 8:22-CV-46 |
| a Nebraska corporation, and AC | ) | |
| BLUEBONNET LP, a Texas limited, | ) | |
| partnership, | ) | |
| | ) | |
| Plaintiffs, | ) | **DEFENDANT'S RESPONSES TO** |
| | ) | **PLAINTIFFS' FIRST SET OF** |
| vs. | ) | **REQUESTS FOR PRODUCTION** |
| | ) | **OF DOCUMENTS** |
| WILLIAM SMITH, an individual, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, William Smith ("Defendant") hereby responds to Plaintiffs' First Set of Requests for Production of Documents as follows:

**REQUEST NO. 1:** Please produce all tangible reports, physical models, compilations or data, inspections, texts, or other material prepared by and/or for any individual retained and/or expected to provide expert testimony at the trial of this lawsuit.

**RESPONSE: Defendant submits that no experts have been retained in this matter, and Defendant will timely supplement this response in accordance with the scheduling order of this Court.**

**REQUEST NO. 2:** Please produce all documents, correspondence, and ESI that you have sent to or received from AC Bluebonnet, LP ("Bluebonnet") pertaining to the allegations in Plaintiffs' Amended Complaint.

**RESPONSE: Defendant objects to this Request to the extent that it is vague and ambiguous with regard to the information being sought. Further objecting, Defendant submits that such information is in the possession, custody or control of Plaintiffs and is therefore equally available to Plaintiffs.**

**Subject to and without waiving these objections, see WWS0001.**

**REQUEST NO. 3:**  Please produce all documents, correspondence, and ESI that you sent to or received from Suther Feeds, Inc. ("Suther"), or any of Suther's employees, representatives, or agents between April 2020 and your first date as an employee of Suther.

**RESPONSE:  Defendant objects to this Request to the extent that it is overly broad and unduly burdensome as well as to the extent that it seeks information that is not relevant to the subject matter of this action nor proportional to the needs of the case.**

**Subject to and without waiving these objections, see WWS0002.**

**REQUEST NO. 4:**  Please produce all documents, correspondence, and ESI that you sent to or received from Suther, or any of Suther's employees, representatives, or agents between 2020 and your first day as an employee of Suther that relate to Plaintiffs, including its employees, products, systems, pricing, vendors, logistics, customers, or any other business information concerning Plaintiffs.

**RESPONSE:  Defendant objects to this Request to the extent that it is vague and ambiguous as to the information being requested due to the phrases "relate to" and "concerning Plaintiffs."  Defendant further objects to this Request to the extent that it is overly broad and unduly burdensome as well as to the extent that it is not relevant to the subject matter of this action nor proportional to the needs of the case.**

**REQUEST NO. 5:**  Please produce all documents, correspondence, and ESI that you sent to or received from Suther, or any of Suther's employees, representatives, or agents from April 2020 to present, that relate to individuals or companies that purchased nutritional supplements from Bluebonnet.

**RESPONSE:  Defendant objects to this Request to the extent that it is vague and ambiguous as to the information being requested due to the phrase "relate to."  Defendant further objects to this Request to the extent that it is overly broad and unduly burdensome as well as to the extent that it is not relevant to the subject matter of this action nor proportional to the needs of the case.**

**REQUEST NO. 6:**  Please produce all documents, correspondence, and ESI that you sent to or received from Suther, or any of Suther's employees, representatives, or agents from April 2020 to present that relate to Plaintiffs, including its employees, products, systems, pricing, vendors, logistics, customers, or any other business information concerning Plaintiffs.

**RESPONSE:  Defendant objects to this Request to the extent that it is vague and ambiguous as to the information being requested due to the phrases "relate to" and "concerning Plaintiffs."  Defendant further objects to this Request to the extent that it is overly broad and unduly burdensome as well as to the extent that it is not relevant to the subject matter of this action nor proportional to the needs of the case.**

**REQUEST NO. 7:**  Please produce all documents, correspondence, and ESI reflecting any employment agreement entered into between you and Suther.

**RESPONSE:   Defendant submits there is no documentation responsive to this Request.**

**REQUEST NO. 8:**  Please produce all purchase orders, invoices, bills of lading, billing statements, or other similar document you sent to or received from Suther reflecting any sale of Suther products to individuals or companies that purchased nutritional supplements from Bluebonnet.

**RESPONSE:  Defendant objects to this Request to the extent that such information is overly broad, unduly burdensome, not relevant to the subject matter of this action nor proportional to the needs of the case.  Further objecting, Defendant submits that such information is in the possession, custody or control of Suther and, therefore, such information may be more properly obtained from Suther.**

**REQUEST NO. 9:**  Please produce all purchase orders, invoices, bills of lading, billing statements, or other similar document you sent to or received from any third party reflecting any sale of Suther products to individuals or companies that purchased nutritional supplements from Bluebonnet.

**RESPONSE:  Defendant objects to this Request on the grounds that it is vague and ambiguous as to the information being requested.  Defendant further objects to this Request to the extent that such information is overly broad, unduly burdensome, not relevant to the subject matter of this action nor proportional to the needs of the case.  Further objecting, Defendant submits that such information is in the possession, custody or control of Suther and, therefore, such information may be more properly obtained from Suther.**

**REQUEST NO. 10:**  Please produce all documents, correspondence, and ESI that you sent to or received from any employee, or former employee, of Bluebonnet since your first day of employment with Suther related to any Bluebonnet product, pricing, nutritional information, marketing, or other business information of Bluebonnet.

**RESPONSE:  Defendant objects to this Request to the extent that it is vague and ambiguous as to the information being requested due to the phrase "related to."  Defendant further objects to this Request to the extent that it is overly broad and unduly burdensome as well as to the extent that it is not relevant to the subject matter of this action nor proportional to the needs of the case.**

**Further objecting, Defendant submits that such information is in the possession, custody or control of Plaintiffs and, therefore, such information is equally available to Plaintiffs.**

**REQUEST NO. 11:**  Please produce all documents, correspondence, and ESI that you sent to or received from any employee, or former employee, of Bluebonnet since your first day of employment with Suther related to any Bluebonnet customer.

**RESPONSE:  Defendant objects to this Request to the extent that it is vague and ambiguous as to the information being requested due to the phrase "related to."  Defendant further objects to this Request to the extent that it is overly broad and unduly burdensome as well as to the extent that it is not relevant to the subject matter of this action nor proportional to the needs of the case.**

**Further objecting, Defendant submits that such information is in the possession, custody or control of Plaintiffs and, therefore, such information is equally available to Plaintiffs.**

**REQUEST NO. 12:**  Please produce all documents, correspondence, and ESI that you

4

sent to or received from customers on behalf of Suther since November 1, 2021, to present.

**RESPONSE:  Defendant objects to this Request to the extent that it is overly broad and unduly burdensome as well as to the extent that it is not relevant to the subject matter of this action nor proportional to the needs of the case.  Further objecting, Defendant submits that such information is in the possession, custody or control of Suther and, therefore, such information may be more properly obtained from Suther.**

**REQUEST NO. 13:**  Please produce all documents, correspondence, and ESI reflecting your job title, description, or duties with Suther.

**RESPONSE:  Defendant objects to this Request to the extent that it is vague and ambiguous as to the information being requested due to the phrase "reflecting."  Defendant further objects to this Request to the extent that it is overly broad and unduly burdensome as well as to the extent that it is not relevant to the subject matter of this action nor proportional to the needs of the case.**

**Subject to and without waiving these objections, see WWS0002.**

**REQUEST NO. 14:**  Please produce all documents, correspondence, and ESI that you relied upon in asserting that you had pre-existing business relationships with the beef cattle producers Plaintiffs' solicit and sell products to prior to your employment with Plaintiffs, alleged in Paragraph 27 of your Answer to Plaintiffs' Amended Complaint.

**RESPONSE:  Defendant objects to this Request to the extent that it is premature as discovery is ongoing and further discovery is necessary.  Defendant reserves the right to supplement this response.**

**Defendant submits that he is conducting a reasonable search for responsive information and will timely supplement this response.**

**REQUEST NO. 15:**  Please produce all documents, correspondence, and ESI that you relied upon in denying the allegations in paragraph 25 of the Amended Complaint.

**RESPONSE:  Defendant objects to this Request to the extent that it is premature as discovery is ongoing and further discovery is necessary.  Further objecting, Defendant submits that such information may be in the possession, custody or control of Plaintiffs. Defendant reserves the right to supplement this response.**

**Subject to and without waiving these objections, Defendant submits that he is conducting a reasonable search for responsive information and will timely supplement this response.**

**REQUEST NO. 16:** Please produce all documents, correspondence, and ESI that you relied upon in denying the allegations that "Smith had considerable and regular contact with Plaintiffs' customers and gained intimate knowledge of their product formulation needs, pricing, and other customers-specific information.  In carrying out his duties for Plaintiffs, Smith utilized Plaintiffs' product information, pricing, marketing strategies, and distribution information…Smith was charged with working with beef producer customers to create and produce the necessary livestock-specific product formulations.  Smith developed and maintained relationships with Plaintiffs' customers and potential customers," as set forth in paragraph 26 of the Amended Complaint.

**RESPONSE:  Defendant objects to this Request to the extent that it is premature as discovery is ongoing and further discovery is necessary.  Further objecting, Defendant submits that such information may be in the possession, custody or control of Plaintiffs. Defendant reserves the right to supplement this response.**

**Subject to and without waiving these objections, Defendant submits that he is conducting a reasonable search for responsive information and will timely supplement this response.**

**REQUEST NO. 17:** Please produce all documents, correspondence, and ESI that you relied upon in denying the allegations set forth in paragraph 27 of the Amended Complaint.

**RESPONSE:  Defendant objects to this Request to the extent that it is premature as discovery is ongoing and further discovery is necessary.  Further objecting, Defendant submits that such information may be in the possession, custody or control of Plaintiffs. Defendant reserves the right to supplement this response.**

**Subject to and without waiving these objections, Defendant submits that he is conducting a reasonable search for responsive information and will timely supplement this response.**

**REQUEST NO. 18:**  Please produce all documents, correspondence, and ESI in your possession that reflects Plaintiffs' product formulations, pricing, marketing strategies, and distribution information.

**RESPONSE:  Defendant objects to this Request to the extent that it is overbroad, unduly burdensome, not relevant to the subject matter of this action nor proportional to the needs of the case.**

**Subject to and without waiving these objections, Defendant submits that he is not in possession of any "confidential information" or "trade secrets" of Plaintiffs.**

**REQUEST NO. 19:**  Please produce all documents, correspondence, and ESI that you sent to or received from Mr. Brian Reed related to the allegations contained in Plaintiffs' Amended Complaint since January 2021.

**RESPONSE:  Defendant objects to this Request to the extent that it is vague and ambiguous as to the information being sought due to the phrase "related to."**

**Subject to and without waiving these objections, Defendant submits that he is conducting a reasonable search for responsive documentation and will timely supplement this Response.**

**REQUEST NO. 20:**  Please produce all documents, correspondence, and ESI that you have sent to or received from Mr. Patrick Egan related to the allegations contained in Plaintiffs' Amended Complaint since January 2021.

**RESPONSE:  Defendant objects to this Request to the extent that it is vague and ambiguous as to the information being sought due to the phrase "related to."**

**Subject to and without waiving these objections, Defendant submits that he is conducting a reasonable search for responsive documentation and will timely supplement this Response.**

Dated this 5th day of August 2022.

WILLIAM SMITH, Defendant,

_/s/ Cody Brookhouser-Sisney_____
Aaron A. Clark (#20045)
Cody E. Brookhouser-Sisney (#25872)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE  68102
Phone: 402-341-3070
Fax:  402-341-0216
aclark@mcgrathnorth.com
cbrookhouser@mcgrathnorth.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of August, 2022, the above and foregoing **DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** were emailed to the following persons:

Margaret C. Hershiser
Patrice D. Ott
Koley Jessen P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124
Margaret.hershiser@koleyjessen.com
Patrice.ott@koleyjessen.com

_____/s/ Cody Brookhouser-Sisney_____
Cody E. Brookhouser-Sisney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| STANDARD NUTRITION COMPANY, a Nebraska corporation, and AC BLUEBONNET, LP, a Texas limited partnership, | ) ) ) ) | CASE NO.  8:22-CV-00046-JFB-MDN |
| Plaintiff, | ) ) ) | **DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | ) ) | |
| WILLIAM SMITH, an individual, | ) ) | |
| Defendant. | ) | |

Defendant, William Smith ("Defendant"), hereby submits his First Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents as follows:

**REQUEST NO. 3:**  Please produce all documents, correspondence, and ESI that you sent to or received from Suther Feeds, Inc. ("Suther"), or any of Suther's employees, representatives, or agents between April 2020 and your first date as an employee of Suther.

**RESPONSE:  Defendant objects to this Request to the extent that it is overly broad and unduly burdensome as well as to the extent that it seeks information that is not relevant to the subject matter of this action nor proportional to the needs of the case.**

**Subject to and without waiving these objections, see WWS0002.**

**FIRST SUPPLEMENTAL RESPONSE:  Subject to and without waiver of the objections in Defendant's initial response, see documents produced herewith numbered WWS0011 - 0060.  Defendant further states that such information is in the possession, custody or control of Suther and, therefore, such information may be more properly obtained from Suther.**

**REQUEST NO. 5:**  Please produce all documents, correspondence, and ESI that you sent to or received from Suther, or any of Suther's employees, representatives, or agents from April

2020 to present, that relate to individuals or companies that purchased nutritional supplements

from Bluebonnet.

**RESPONSE:  Defendant objects to this Request to the extent that it is vague and ambiguous as to the information being requested due to the phrase "relate to."  Defendant further objects to this Request to the extent that it is overly broad and unduly burdensome as well as to the extent that it is not relevant to the subject matter of this action nor proportional to the needs of the case.**

**FIRST SUPPLEMENTAL RESPONSE:  Subject to and without waiver of the objections in Defendant's initial response, Defendant states that such information, if it exists, is in the possession, custody or control of Suther and, therefore, such information may be more properly obtained from Suther.**

**REQUEST NO. 6:**  Please produce all documents, correspondence, and ESI that you sent

to or received from Suther, or any of Suther's employees, representatives, or agents from April

2020 to present that relate to Plaintiffs, including its employees, products, systems, pricing,

vendors, logistics, customers, or any other business information concerning Plaintiffs.

**RESPONSE:  Defendant objects to this Request to the extent that it is vague and ambiguous as to the information being requested due to the phrases "relate to" and "concerning Plaintiffs."  Defendant further objects to this Request to the extent that it is overly broad and unduly burdensome as well as to the extent that it is not relevant to the subject matter of this action nor proportional to the needs of the case.**

**FIRST SUPPLEMENTAL RESPONSE:  Subject to and without waiver of the objections in Defendant's initial response, Defendant submits that he is not in possession of any confidential information or trade secrets of Plaintiffs.**

Dated this 10th day of October, 2022.

WILLIAM SMITH, Defendant,

/s/ Ruth A. Horvatich
Aaron A. Clark (#20045)
Ruth A. Horvatich (#24776)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE  68102
Phone: 402-341-3070
Fax:  402-341-0216
aclark@mcgrathnorth.com
rhorvatich@mcgrathnorth.com

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of October, 2022, the above and foregoing **Defendant's First Supplemental Responses To Plaintiffs' First Set of Requests For Production of Documents** were emailed to the following:

Margaret C. Hershiser
Patrice D. Ott
Keith W. Catt
Koley Jessen P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124
Margaret.hershiser@koleyjessen.com
Patrice.ott@koleyjessen.com
Keith.catt@koleyjessen.com

/s/ Ruth A. Horvatich
Ruth A. Horvatich

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| STANDARD NUTRITION COMPANY, a Nebraska corporation, and AC BLUEBONNET, LP, a Texas limited partnership, | ) ) ) ) | CASE NO.  8:22-CV-00046-JFB-MDN |
| | ) | |
| Plaintiff, | ) ) | **DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | ) ) | |
| WILLIAM SMITH, an individual, | ) ) | |
| Defendant. | ) ) | |

Defendant, William Smith ("Defendant"), hereby submits his Second Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents as follows:

**REQUEST NO. 3:** Please produce all documents, correspondence, and ESI that you sent to or received from Suther Feeds, Inc. ("Suther"), or any of Suther's employees, representatives, or agents between April 2020 and your first date as an employee of Suther.

**RESPONSE:  Defendant objects to this Request to the extent that it is overly broad and unduly burdensome as well as to the extent that it seeks information that is not relevant to the subject matter of this action nor proportional to the needs of the case.**

**Subject to and without waiving these objections, see WWS0002.**

**FIRST SUPPLEMENTAL RESPONSE:  Subject to and without waiver of the objections in Defendant's initial response, see documents produced herewith numbered WWS0011 - 0060.  Defendant further states that such information is in the possession, custody or control of Suther and, therefore, such information may be more properly obtained from Suther.**

**SECOND SUPPLEMENTAL RESPONSE:  Subject to and without waiver of the objections in Defendant's initial response, see documents produced herewith numbered WWS0262 – WWS0681. Defendant further states that such information is in the possession, custody or control of Suther and, therefore, such information may be more properly**

obtained from Suther.

**REQUEST NO. 14:**  Please produce all documents, correspondence, and ESI that you relied upon in asserting that you had pre-existing business relationships with the beef cattle producers Plaintiffs' solicit and sell products to prior to your employment with Plaintiffs, alleged in Paragraph 27 of your Answer to Plaintiffs' Amended Complaint.

**RESPONSE:**  Defendant objects to this Request to the extent that it is premature as discovery is ongoing and further discovery is necessary.  Defendant reserves the right to supplement this response.

Defendant submits that he is conducting a reasonable search for responsive information and will timely supplement this response.

**FIRST SUPPLEMENTAL RESPONSE:**  Subject to and without waiver of the objections in Defendant's initial response, Defendant states that he has no responsive documents to this Request at this time and will timely supplement this response should responsive documents be found.

**REQUEST NO. 15:**  Please produce all documents, correspondence, and ESI that you relied upon in denying the allegations in paragraph 25 of the Amended Complaint.

**RESPONSE:**  Defendant objects to this Request to the extent that it is premature as discovery is ongoing and further discovery is necessary.  Further objecting, Defendant submits that such information may be in the possession, custody or control of Plaintiffs. Defendant reserves the right to supplement this response.

Subject to and without waiving these objections, Defendant submits that he is conducting a reasonable search for responsive information and will timely supplement this response.

**FIRST SUPPLEMENTAL RESPONSE:**  Subject to and without waiver of the objections in Defendant's initial response, Defendant states that he has no responsive documents to this Request at this time and will timely supplement this response should responsive documents be found.

**REQUEST NO. 16:**  Please produce all documents, correspondence, and ESI that you relied upon in denying the allegations that "Smith had considerable and regular contact with

Plaintiffs' customers and gained intimate knowledge of their product formulation needs, pricing, and other customers-specific information.  In carrying out his duties for Plaintiffs, Smith utilized Plaintiffs' product information, pricing, marketing strategies, and distribution information…Smith was charged with working with beef producer customers to create and produce the necessary livestock-specific product formulations.  Smith developed and maintained relationships with Plaintiffs' customers and potential customers," as set forth in paragraph 26 of the Amended Complaint.

**RESPONSE**:  Defendant objects to this Request to the extent that it is premature as discovery is ongoing and further discovery is necessary.  Further objecting, Defendant submits that such information may be in the possession, custody or control of Plaintiffs. Defendant reserves the right to supplement this response.

Subject to and without waiving these objections, Defendant submits that he is conducting a reasonable search for responsive information and will timely supplement this response.

**FIRST SUPPLEMENTAL RESPONSE**:  Subject to and without waiver of the objections in Defendant's initial response, Defendant states that he has no responsive documents to this Request at this time and will timely supplement this response should responsive documents be found.

**REQUEST NO. 17**:  Please produce all documents, correspondence, and ESI that you relied upon in denying the allegations set forth in paragraph 27 of the Amended Complaint.

**RESPONSE**:  Defendant objects to this Request to the extent that it is premature as discovery is ongoing and further discovery is necessary.  Further objecting, Defendant submits that such information may be in the possession, custody or control of Plaintiffs. Defendant reserves the right to supplement this response.

Subject to and without waiving these objections, Defendant submits that he is conducting a reasonable search for responsive information and will timely supplement this response.

**FIRST SUPPLEMENTAL RESPONSE**:  Subject to and without waiver of the objections in Defendant's initial response, Defendant states that he has no responsive documents to this Request at this time and will timely supplement this response should responsive documents be found.

**REQUEST NO. 19:**  Please produce all documents, correspondence, and ESI that you sent to or received from Mr. Brian Reed related to the allegations contained in Plaintiffs' Amended Complaint since January 2021.

**RESPONSE:  Defendant objects to this Request to the extent that it is vague and ambiguous as to the information being sought due to the phrase "related to."**

**Subject to and without waiving these objections, Defendant submits that he is conducting a reasonable search for responsive documentation and will timely supplement this Response.**

**FIRST SUPPLEMENTAL RESPONSE:  Subject to and without waiver of the objections in Defendant's initial response, see documents produced herewith numbered WWS0061 - 0198.  Defendant did not include documents, correspondence, and ESI sent to or received from Mr. Brian Reed from his email address breed@acbluebonnet.com as such emails are in the possession of Plaintiffs.**

**REQUEST NO. 20:**  Please produce all documents, correspondence, and ESI that you have sent to or received from Mr. Patrick Egan related to the allegations contained in Plaintiffs' Amended Complaint since January 2021.

**RESPONSE:  Defendant objects to this Request to the extent that it is vague and ambiguous as to the information being sought due to the phrase "related to."**

**Subject to and without waiving these objections, Defendant submits that he is conducting a reasonable search for responsive documentation and will timely supplement this Response.**

**FIRST SUPPLEMENTAL RESPONSE:  Subject to and without waiver of the objections in Defendant's initial response, see documents produced herewith numbered WWS0199 - 0261.  Defendant did not include documents, correspondence, and ESI sent to or received from Mr. Patrick Egan from his email address pegan@acbluebonnet.com as such emails are in the possession of Plaintiffs.**

Dated this 4th day of November, 2022.

WILLIAM SMITH, Defendant,

/s/ Ruth A. Horvatich
Aaron A. Clark (#20045)
Ruth A. Horvatich (#24776)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE  68102
Phone: 402-341-3070
Fax:  402-341-0216
aclark@mcgrathnorth.com
rhorvatich@mcgrathnorth.com

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of November, 2022, the above and foregoing **Defendant's Second Supplemental Responses To Plaintiffs' First Set of Requests For Production of Documents** were emailed to the following:

Margaret C. Hershiser
Patrice D. Ott
Keith W. Catt
Koley Jessen P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124
Margaret.hershiser@koleyjessen.com
Patrice.ott@koleyjessen.com
Keith.catt@koleyjessen.com

/s/ Ruth A. Horvatich
Ruth A. Horvatich